UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| THE YANKEE CANDLE COMPANY, INC., | ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION NO. _____ |
| vs. | ) ) | |
| GLADSTONE COMMERCIAL LIMITED PARTNERSHIP; YCC06 SOUTH HADLEY MA LLC, | ) ) ) | COMPLAINT |
| Defendants | ) ) | |

## THE PARTIES

1.      The Plaintiff, The Yankee Candle Company, Inc. ("Yankee Candle") is a Massachusetts corporation with a principal place of business at 16 Yankee Candle Way in South Deerfield Massachusetts.

2.      Defendant Gladstone Commercial Limited Partnership ("Gladstone") is a Delaware limited partnership with a principal place of business at 1521 Westbranch Drive, Suite 200, McLean, Virginia.

3.      YCC06 South Hadley MA LLC ("the LLC"), is a Delaware limited liability corporation with a principal place of business at 1521 Westbranch Drive, Suite 200, McLean, Virginia.

4.      The LLC owns real property at 75 Canal Street, South Hadley, Massachusetts (the "Property").

5.      The LLC is owned and controlled by Gladstone.

6.      Gladstone is authorized to execute agreements and otherwise act on behalf of the LLC.

7.     The LLC and Gladstone may also be referred to herein individually and collectively as the "Defendants".

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

### A.   Facts Relating to Yankee Candle's Escrow Claim

10.     Yankee Candle, as lessee, and General Cable Industries, Inc. ("GCI"), as lessor, entered into a Standard Form Industrial Lease of the Property on or around March 18, 2005 (the "Original Lease").

11.     The term of the Original Lease was five years with options to extend.

12.     The Property was later purchased by Klondike Investment Group, Inc. ("Klondike"), which assumed GCI's interest in the Original Lease.

13.     On or around February 15, 2006, Yankee Candle and Klondike entered into a First Amendment to Lease modifying certain terms of the Original Lease.  The Original Lease, as amended, will be referred to herein as the "Lease".

14.     On or around February 15, 2006, the LLC, by and through Gladstone, purchased the Property and notified Yankee Candle of the same.

15.     On or around February 15, 2006, the LLC assumed the Lease and all rights and obligations formerly held by Klondike under the Lease.

16.     The Lease required Yankee Candle to purchase general liability insurance with no more than a $25,000 deductible.

17.     The parties agreed to waive the deductible requirement as written in the Lease and to allow Yankee Candle to maintain a $50,000 deductible as long as it placed $25,000 in escrow.

18.     Yankee Candle and the LLC entered into an Escrow Agreement in or around April 2006.

19.     The Escrow Agreement was executed by Gladstone.

20.     The LLC acted as the escrow agent under the Escrow Agreement.

21.     The LLC was required under the Escrow Agreement to deposit the $25,000 in escrow funds provided by Yankee Candle into a segregated interest bearing account under the LLC's control at a federally-insured institution.

22.     The LLC was required to provide Yankee Candle with monthly statements relating to the escrow account.

23.     The LLC was required to pay Yankee Candle interest earned on the escrow account annually within fifteen days of receiving each December bank statement.

24.     The LLC was required to return the escrow funds to Yankee Candle within ten days of the expiration of the Lease term.

25.     The LLC never provided Yankee Candle with monthly statements relating to the escrow account and never paid Yankee Candle interest earned on the escrow funds.

26.     The Lease term ended on June 30, 2010.

27.     The LLC refused to account for or return the escrow funds to Yankee Candle within the required ten days of the end of the Lease term and to date has not returned those funds to Yankee Candle.

28.     Upon information and belief, the LLC never placed the escrow funds in a segregated interest bearing account and, instead, converted the funds to the Defendants' use.

**B.      Facts Relating to Declaratory Judgment**

29.     The Lease provided that Yankee Candle would perform maintenance and repairs on the Property except for reasonable wear and tear.

30.     The Lease expressly limited any obligation on Yankee Candle to perform structural and capital improvements, stating specifically as follows:

a.   [Yankee Candle] . . . has the obligation to make and pay for structural and capital replacements in and to the Premises, provided such replacements are made to reduce other operating expenses at the Premises or to comply with any governmental requirement applicable to the Premises, and provided further that the amount [Yankee Candle] is obligated to pay for such capital replacement shall be limited to the percentage of the cost of the capital replacement allocable to the useful life of such capital improvement through the expiration of the Lease term . . . ."

31.     At the commencement of the Lease, the parking lot and access drive to the Property parking lot and its loading zone ("Paved Area") were in relatively poor condition.

32.     The Paved Area consisted of approximately one hundred and fifty parking spaces.

33.     During the term of the lease, Yankee Candle generally had approximately eight individuals working at the Property and generally utilized no more than eight parking spaces.

34.     Yankee Candle utilized the driveway to the loading dock for a moderate number of deliveries.

35.     The Paved Area, the majority of which was not utilized by Yankee Candle, remained in the same or very similar condition during the Lease term.

36.    Yankee Candle maintained and repaired the Paved Area as needed and consistent with its obligations under the Lease.

37.    At the end of the Lease term, the Defendants demanded that Yankee Candle pay over $150,000 for a full depth replacement of nineteen thousand square feet of the Paved Area; an overlay improvement to the remaining over fifty thousand square feet of the Paved Area; replacement of asphalt curbing and for other improvements  (the "Improvements").

38.    The Defendants have falsely characterized the referenced Improvements to the Paved Area as simple maintenance and repair beyond normal wear and tear in an attempt to require Yankee Candle to pay to replace and improve the Property's Paved Area.

39.    Yankee Candle is not required to pay for the Improvements under the terms and limitations set forth in the Lease.

40.    The Defendants have withheld the escrow funds having nothing to do with such Improvements as leverage in an attempt to compel Yankee Candle to pay for Improvements it is not required under the Lease to make.

**CLAIMS**

**Count I**
**(Breach of Contract)**

41.    Yankee Candle incorporates by reference herein the allegations contained in the preceding paragraphs, above.

42.    Defendants failed to honor their obligations under and otherwise breached the Escrow Agreement and the Lease.

43.    As a direct and proximate result of the Defendants' breaches, Yankee Candle has suffered and will continue to suffer substantial damages.

## Count II
## (Breach of Fiduciary Duty)

44.     Yankee Candle incorporates by reference herein the allegations contained in the preceding paragraphs, above.

45.     As escrow agent under the Escrow Agreement and based on the parties relationship, the Defendants owed Yankee Candle a fiduciary duty.

46.     The Defendants breached that fiduciary duty in several respects.

47.     As a result of the Defendants' breach of fiduciary duty, Yankee Candle has sustained and will continue to sustain damages.

## Count III
## (Conversion)

48.     Yankee Candle incorporates by reference herein the allegations contained in the preceding paragraphs, above.

49.     Upon information and belief, the Defendants wrongfully converted the escrow funds to their own use and control and have otherwise exercised dominion and control over the same, which was inconsistent with the Escrow Agreement.

50.     The Defendants were not authorized to do anything other than place the escrow funds in a segregated interest bearing account and return them at a specified date.

51.     As a result of the Defendants' unlawful conduct, Yankee Candle has suffered and will continue to suffer damages.

## Count IV
## (Mass G.L. ch. 93A, §11)

52.     Yankee Candle incorporates herein by reference each of the preceding paragraphs, above, and alleges the same as if originally set forth herein.

53.     At all pertinent times, Yankee Candle and the Defendants were engaged in trade or commerce within the meaning of Mass. G. L. ch. 93A.

54.     The Defendants' conduct, as described herein, constitutes unfair and/or deceptive acts and practices that violate Mass. G. L. ch. 93A, § 11, including, but not limited to:

    a.   commercial extortion;

    b.   conversion;

    c.   breach of fiduciary duty; and

    d.   undertaking contractual obligations with no intention of fulfilling them.

55.     The Defendants committed the unfair and/or deceptive acts or practices willfully and knowingly.

56.     Yankee Candle has suffered and will continue to suffer the loss of money or property as a direct and proximate result of the Defendants' unfair and/or deceptive acts and practices.

## Count V
## (Declaratory Judgment)

57.     Yankee Candle incorporates by reference herein the allegations contained in the preceding paragraphs, above.

58.     An actual controversy exists between Yankee Candle and the Defendants as to their respective rights and obligations concerning under the Lease.

59.     Yankee Candle seeks a declaration that Yankee Candle is not obligated to pay for the Improvements referenced herein, which the Defendants have estimated re in excess of $150,000.

## Count VI
## (Injunctive Relief)

60.     Yankee Candle incorporates by reference herein the allegations contained in the preceding paragraphs, above.

61.     The Defendants were required under the Escrow Agreement to place $25,000 paid by Yankee Candle in a segregated interest bearing account.

62.     The Defendants were required to return the escrow funds to Yankee Candle by July 10, 2010 and have failed to do so.

63.     Yankee Candle seeks an order enjoining the Defendants from using such funds for their own use and requiring that they be returned to Yankee Candle.

WHEREFORE, Yankee Candle asks the Court to enter Judgment in its favor and against the Defendants with respect to Yankee Candle's claims and award relief as follows:

      a.  Money damages relating to the escrow funds owed under the Escrow Agreement;

      b.  A preliminary and permanent injunction precluding the Defendants from using the escrow funds and requiring that they be returned to Yankee Candle;

      c.  A declaration that Yankee Candle is not required to pay for the Improvements or any other related costs that have been estimated in excess of $150,000;

      d.  Money damages relating to the Defendants' violation of Mass. G.L. ch. 93A;

      f.  Multiple damages pursuant to Mass. G.L. ch. 93A;

      g.  Attorneys' fees pursuant to Mass. G.L. ch. 93A or as may otherwise be warranted by law;

      h.  Interest and costs;

      i.  Such other relief as the Court deems just, proper, and equitable.

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

The Plaintiffs,
THE YANKEE CANDLE COMPANY,
INC.
By Its Attorney:

/s/ Jeffrey E. Poindexter

Dated:  September 2, 2010

Jeffrey E. Poindexter, BBO#631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street - Suite 2700
P.O. Box 15507
Springfield, MA  01115
(413) 781-2820; (413) 272-6806 Fax

jpoindexter@bulkley.com

#999794